13-4223-bk
Castillo v. General Motors LLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
                    Circuit Judges,
         LEWIS A. KAPLAN,$^{*}$
                    District Judge.

- - - - - - - - - - - - - - - - - - - - - -X
In the Matter of: Motors Liquidation Company,
         Debtor.

Kelly Castillo, Nichole Brown, Brenda Alexis Digiandomenico, Valerie Evans, Barbara Allen, Stanley Ozarowski, Donna Santi,
         Appellants,

         -v.-                                13-4223-bk

---

$^{*}$ Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**General Motors LLC,**
       <u>**Appellee.**</u>
- - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANTS:**           ROBERT W. SCHMIEDER II (<u>with</u> Mark L. Brown <u>on the brief</u>), SL Chapman LLC, St. Louis, MO.

**FOR APPELLEE:**           ARTHUR JAY STEINBERG (<u>with</u> Gregory R. Oxford, Isaacs Clouse Crose & Oxford LLP, Torrance, CA <u>on the brief</u>), King & Spalding LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

This appeal arises out of an adversary proceeding related to the Chapter 11 bankruptcy of Motors Liquidation Company, formerly known as General Motors ("Old GM"). After Old GM filed for bankruptcy, General Motors LLC ("New GM") purchased the majority of Old GM's assets pursuant to Section 363 of the Bankruptcy Code. Kelly Castillo et al. ("Castillo") appeal from the judgment of the United States District Court for the Southern District of New York (Furman, <u>J.</u>), affirming the order of the United States Bankruptcy Court for the Southern District of New York (Gerber, <u>J.</u>) holding that New GM did not assume liability for a settlement reached between Castillo and Old GM relating to a class action lawsuit filed in the Eastern District of California. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Castillo's class action against Old GM alleged that the transmissions of some 2002-2005 Saturn Vues and 2003-2004 Saturn Ions were defectively designed and had high failure rates, and sought compensation for transmissions that failed after the warranty period. The class pleaded claims for relief based on alleged violations of state consumer protection laws, breach of express warranty, breach of implied warranty, and unjust enrichment. In settlement, Old

GM agreed to pay for repair of transmissions that malfunctioned after the standard repair warranty and to pay attorneys' fees.

The Sale Agreement between Old GM and New GM specified the "Assumed Liabilities" that would be taken on by New GM as follows: "all Liabilities arising under express written warranties of Sellers that are specifically identified as warranties and delivered in connection with the sale of new, certified used, or pre-owned vehicles or new or remanufactured motor vehicle parts and equipment."

"It is well established that '[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law.'" Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002). "[P]rinciples of state law govern the interpretation of contractual provisions in bankruptcy." In re Delta Air Lines, Inc., 608 F.3d 139, 146 (2d Cir. 2010). Under New York law, "[t]he threshold question in a dispute over the meaning of a contract is whether the contract terms are ambiguous. . . . [T]he meaning of a contract that is unambiguous is a question of law for the court to decide. . . . [T]he meaning of an ambiguous contract where there is [extrinsic] evidence is a question of fact for the factfinder." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000). We review de novo a district court's determination of whether a contract is ambiguous, id., and we review a district court's interpretation of an ambiguous contract for clear error, Tourangeau v. Uniroyal, Inc., 101 F.3d 300, 306 (2d Cir. 1996).

The Bankruptcy Court concluded that the Sale Agreement is ambiguous and, upon consideration of extrinsic evidence, found that the settlement agreement was not an Assumed Liability. The District Court agreed, albeit finding ambiguity in a different aspect of the Sale Agreement.

The "plain and ordinary meaning" of the phrase "arising under" makes clear that Old GM's obligations under the settlement agreement do not arise under any express warranty and are therefore not an Assumed Liability of New GM. Fed. Ins. Co. v. Am. Home Assurance Co., 639 F.3d 557, 568 (2d Cir. 2011) (finding the phrase "arising out of" unambiguous and observing that "[t]he New York Court of Appeals has held that the phrase 'arising out of' is

3

'ordinarily understood to mean originating from, incident to, or having connection with'").

Even if there were some ambiguity in the Sale Agreement, the extrinsic evidence clearly shows that the settlement was not intended to be an Assumed Liability of New GM.

First, "[l]awyers for [Old] GM and Auto Task Force representatives understood and agreed that the goal was to leave as many liabilities behind with Old GM and to take those only that were commercially necessary along to New GM."  In fact, the settlement was specifically identified during a discussion between Old GM and the Auto Task Force "as an example of a litigation liability that would be 'left behind' with Old GM."

Second, when responding to concerns raised by state attorneys general, New GM agreed to take on liabilities under state Lemon Laws but no other additional liabilities so as to avoid "assuming the entire class action docket."

Third, as the Bankruptcy Court concluded, the Sale Order is "fairly strong evidence" in favor of New GM because it provides that New GM "is assuming the obligations of [Old GM] pursuant to and subject to conditions and limitations contained in their express written warranties, which were delivered in connection with the sale of vehicles and vehicle components."  The obligations assumed in connection with the settlement were not undertaken in warranties "delivered in connection" with the Saturns.

Finally, the Sale Procedure Order did not list the settlement as an Assumable Executory Contract to be assigned to New GM.

For the foregoing reasons, and finding no merit in Castillo's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4